IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-338-FL-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| DONELL MARIO BRATTON, | ) | |

This matter is before the court on defendant's motion to sever trial pursuant to Federal Rule of Criminal Procedure 14(a). (DE 116). The government filed a response in opposition to defendant's motion to sever trial. Accordingly the issues raised are ripe for ruling. For the reasons that follow, the court denies defendant's motion to sever trial.

## BACKGROUND

Defendant, along with six other co-defendants, was charged in an eighteen-count indictment returned by a grand jury in the Eastern District of North Carolina on November 7, 2017. The indictment charged defendant, and all other co-defendants, with one count of conspiracy to commit fraud against financial institutions. Defendant was also charged with five counts of financial institution fraud, which were committed in furtherance of the conspiracy.

Defendant filed the instant motion to sever on March 26, 2018, asserting that "[d]ue to the lack of connection between Mr. Bratton and the other defendants and the alleged conduct pertaining to each, Mr. Bratton would suffer undue prejudice should this motion be denied" and that "other than the coincidence that each of the defendants was allegedly involved in overt acts to defraud financial institutions, there is no significant overlap in the evidence that the government would offer to prove the charges against Mr. Bratton and that which would be present against other defendants."

(DE 116 at 1, 6). The government argues in opposition that 1) joinder was proper in that even though defendant and co-defendant Brown, who are named in the indictment together, did not have direct interaction with each other, they "did participate in a continuing enterprise organized by co-defendants Wilson and Gibbs"; 2) severance would waste judicial resources due to the significant overlap of evidence in that charges against defendant and co-defendant Brown arose from the same investigation and testimony provided by the investigating agent with apply to both defendants; and 3) defendant has not met his burden to show prejudice from denial of severance. (DE 132).

## COURT'S DISCUSSION

Rule 14 of the Federal Rules of Criminal Procedure provides in part: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The standard for evaluating a motion to sever is whether there exists "a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 534. Determination of the risk of prejudice is left to the sound discretion of the district court. Zafiro v. United States, 506 U.S. 534, 540–41 (1993).

The Fourth Circuit follows the "well-established principle that defendants who are charged in the same criminal conspiracy should be tried together," and "[j]oint trials are favored in those cases in which defendants have been indicted together for the sake of judicial economy." United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995). A defendant seeking relief under Rule 14(a) "has the burden of demonstrating a strong showing of prejudice." United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984). Even then, "[t]he mere showing of prejudice is not enough to require

severance." United States v. Hayden, 85 F.3d 153, 160 (4th Cir. 1996). "Although limiting instructions often will suffice to cure any risk of prejudice as a result of the joint trial, in some situations the risk of prejudice is so high as to require a separate trial." United States v. Min, 704 F.3d 314, 319 (4th Cir. 2013).

Here, defendant has failed to meet his burden to demonstrate that joint trial would result in risk of prejudice incurable by limiting instruction. Defendant argues only that evidence presented unrelated to defendant's charges would prejudice defendant and that "it will be difficult for a jury to separate the conduct alleged to have been committed by Mr. Bratton from that of other defendants," resulting in "an unnecessary danger that the jury might become confused and will place a tremendous burden on the jury to attempt to recall and segregate what was alleged as to each defendant." (DE 116 at 5-6). However, defendant's speculation on this point is insufficient to demonstrate that joinder of the two counts "would prevent the jury from making a reliable judgment about guilt or innocence" or that a limiting instruction would fail to cure any risk of prejudice resulting from the joint trial. Min, 704 F.3d at 319.

## CONCLUSION

Based on the foregoing, defendant's motion to sever (DE 116) is DENIED.

SO ORDERED, this the 12th day of April, 2018.

LOUISE W. FLANAGAN
United States District Court Judge